IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

THOMAS HAROLD STIGER,

    Petitioner,

vs.                                  No. 11-2170-STA-cgc

WARDEN, FCI BEAUMONT LOW,

    Respondent.

---

ORDER CORRECTING THE DOCKET
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

On March 4, 2011, Petitioner Thomas Harold Stiger, Bureau of Prisons register number 39053-115, an inmate at the Federal Correctional Institution—Low in Beaumont, Texas ("FCI Beaumont Low"), filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner paid the habeas filing fee. (ECF No. 2.)[1] The Clerk shall record the respondent as the warden of FCI Beaumont Low.[2]

---

[1] Ordinarily, a § 2241 petition must be filed in the district in which the prisoner is incarcerated, which, in this case, would be the Beaumont Division of the Eastern District of Texas. Because Petitioner is plainly not entitled to relief, it would not be in the interest of justice to transfer this petition.

[2] The proper respondent to a habeas petition is the prisoner's custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 2717-18, 159 L. Ed. 2d 513 (2004). The Clerk is directed to terminate the United States
(continued...)

On June 8, 2000, pursuant to a written plea agreement, Stiger appeared before United States District Judge Jon Phipps McCalla to waive his right to an indictment and to plead guilty to a criminal information charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and possession of a counterfeit security, in violation of 18 U.S.C. § 513. Judge McCalla conducted a sentencing hearing on November 14, 2000, at which Stiger was sentenced as an armed career criminal to concurrent terms of one hundred eighty (180) months on count 1 and one hundred twenty (120) months on count 2, to be followed by a three-year period of supervised release. Judgment was entered on November 14, 2000. United States v. Stiger, No. 00-20133-JPM (W.D. Tenn.). The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Stiger, 20 F. App'x 307 (6th Cir. 2001), cert. denied, 534 U.S. 1170, 122 S. Ct. 1192, 152 L. Ed. 2d 132 (2002).

After the entry of judgment, Defendant filed a barrage of letters and motions in his criminal case. In an order issued on September 10, 2001, then-United States District Judge Julia Smith Gibbons denied the various motions, enjoined Stiger from communicating directly with any judge or magistrate judge, and directed that all further filings in the case be sent to the Clerk. (ECF No. 62, United States v. Stiger, No. 00-20133.) Stiger

---

[2] (...continued)
as a party to this action.

appealed, and the Sixth Circuit Court of Appeals affirmed. United States v. Stiger, 42 F. App'x 774 (6th Cir. 2002).

On July 29, 2002, Stiger filed a motion pursuant to 28 U.S.C. § 2255 in which he asserted that his attorney rendered ineffective assistance, in violation of the Sixth Amendment, by (i) failing to investigate and contest the validity of the search of his apartment; (ii) coercing him into pleading guilty in exchange for medical care; and (iii) failing to call witnesses at the sentencing hearing. On August 6, 2002, United States District Judge Samuel H. Mays, Jr. denied the § 2255 motion, denied a certificate of appealability, and certified that an appeal would not be taken in good faith. Judgment was entered on August 15, 2002. Stiger v. United States, No. 02-2595-SHM-dkv (W.D. Tenn.). The Sixth Circuit denied a certificate of appealability. Stiger v. United States, No. 02-6183 (6th Cir. Apr. 30, 2003).

On March 26, 2004, Stiger filed an application with the Court of Appeals seeking leave to file a second or successive § 2255 motion. The application was denied on October 4, 2004. In re Stiger, No. 04-5329 (6th Cir.).

On May 19, 2005, Stiger filed another application seeking leave to file a second or successive § 2255 motion. The Sixth Circuit denied the application on January 25, 2006. In re Stiger, No. 05-5758 (6th Cir.).

On May 2, 2008, Stiger filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States

District Court for the Eastern District of Texas in which he asserted that his guilty plea resulted from torture and coercion and his attorney rendered ineffective assistance by forcing him to plead guilty in exchange for medical treatment. On May 12, 2008, United States Magistrate Judge Earl S. Hines issued a report and recommendation recommending that the petition be denied because the issues presented must be raised in a § 2255 motion. On March 5, 2009, United States District Judge Marcia A. Crone issued an order adopting the report and recommendation and dismissing the case. Judgment was entered on March 6, 2009. Stiger v. Upton, Civil Action No. 1:08-CV-254 (E.D. Tex.). Stiger did not appeal.

On March 17, 2009, Stiger filed a third application seeking leave to file a second or successive § 2255 motion in which he asserted that he is actually innocent and that his guilty plea was coerced. The Sixth Circuit denied the application on January 28, 2010. In re Stiger, No. 09-5293 (6th Cir.).

On March 7, 2011, Stiger filed a fourth application seeking leave to file a second or successive § 2255 motion in which he asserted that the Government committed prosecutorial misconduct by inducing him to plead guilty through the use of torture. In re Stiger, No. 11-5262 (6th Cir.). That application is pending.

In this § 2241 petition, Stiger asserts that his guilty plea was induced through the use of torture and that his attorney advised him to plead guilty so that he could receive medical treatment. (ECF NO. 1 at 3-7.)

4

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" to § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). In this case, Petitioner is attacking his conviction and, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Petitioner carries the burden of demonstrating that the savings clause applies. Id. at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already

5

been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." Id. (citations omitted). After the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758) (additional citation omitted).

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "Actual innocence means factual innocence." Paulino v. United States, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998)).

6

Stiger is not entitled to relief in this § 2241 petition for several reasons. First, as previously noted, the claims asserted in this petition challenge his conviction. See supra p. 5.

Second, Stiger has no valid argument that he is actually innocent of the offenses for which he is currently serving time. Stiger entered a guilty plea, which is entitled to a strong presumption of truthfulness. Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977); United States v. Parson, 22 F. App'x 518, 519 (6th Cir. 2001) ("Lastly, Parson asserts that he is actually innocent of the drug trafficking conviction. However, at his guilty plea hearing, Parson admitted that he engaged in repeated instances of drug trafficking, and he acknowledged his guilt of this crime. Parson's solemn declaration of guilt carries a presumption of truthfulness, and his plea serves as an admission that he committed all of the elements of the crime.") (citation omitted).

Finally, each of the issues raised in this petition has been litigated and resolved against Stiger. On direct appeal, the Court of Appeals rejected Stiger's claim that his attorney and the Government coerced him to plead guilty in exchange for medical care, noting that "Stiger's claim that he was coerced into pleading guilty was belied by the record." United States v. Stiger, 20 F. App'x at 309. In his § 2255 motion, Stiger raised his claim that his attorney coerced him into pleading guilty in exchange for

7

medical care, and Judge Mays held that the issue had been decided on direct appeal and could not be relitigated. (Order Denying Motion Under 28 U.S.C. § 2255 at 2, 4, Stiger v. United States, Cv. No. 02-2595-Ma/V (W.D. Tenn. Aug. 6, 2002) (ECF No. 7).) Relief under § 2255 is not inadequate or ineffective because a prisoner's applications for relief have been denied.

     Because Stiger is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition is DISMISSED. Judgment shall be entered for Respondent.

     Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. United States Parole Comm'n, 306 F.3d 225, 229 (6th Cir. 2009); Melton v. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); see also Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.  If Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and

9

supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

       IT IS SO ORDERED this 25th day of May, 2011.

                                         **s/ S. Thomas Anderson**

                                         S. THOMAS ANDERSON
                                         UNITED STATES DISTRICT JUDGE